Forte, J.
The issue presented is the propriety of dismissing an action pursuant to District Court Standing Order 1-88 (“S.O. 1-88”) for plaintiffs failure to mark the case for assessment of damages where extenuating reasons existed for not doing so.
The action was entered on October 9, 1987. A real estate attachment in the amount of $30,500.00 was allowed by the trial court on October 23,1987, and was made on October 27 and 28, 1987. On November 5, 1987, the defendant was defaulted for failure to answer.
Prior to the attachment, the defendant conveyed all his real estate to himself and his wife as tenants by the entirety.
To date, no affidavits have been filed under Dist./Mun. Ct R Civ. P., Rule 55 (b) to the effect that the defendant is not in the military service and is not an infant or an incompetent person.
Pursuant to S.O. 1-88, §IV (B), the trial court conducted a review of the case on *62 May 5,1989,/ and ordered the action set down for assessment of damages on June 30,1989.
The plaintiff did not want an assessment of damages because that would result in an execution, and would require him to levy on his attachment within thirty (30) days or the attachment would be dissolved G.L. c. 223, § 59. Further, the judgment of dismissal would also dissolve the attachment. G.L. c. 223, §115.
Although the plaintiff's attachment is against the husband on property held by the husband and wife as tenants-by-the entirety, it is a valid attachment. Peebles v. Minnis, 402 Mass 282 (1988). The real estate may be seized on execution in the indefinite future if the non-debtor spouse predeceases the debtor, or in the event the couple divorce. Id.
The attaching creditor has a vested interest in the property. Marcus v. Pearce Woolen Mills, Inc., 353 Mass 483, 485 (1968).
S. 0.1-88 was promulgated by the Chiefjustice of the District Court Department pursuant to his statutory responsibility for case flow management, G.L. c. 211B, § 10, and uniform practices, G.L. c. 218, §43A. General Laws c. 211B, § 10 defines the powers and duties of an administrative justice as including the responsibility for case flow management.
S.0.1-88 sets forth guidelines for the effective and uniform management of civil cases which are necessary to satisfy the requirements of the “time standards” adopted by the Supreme Judicial Court.
S.0.1-88, §IV (B) captioned “Procedures Applicable to Civil Cases Filed Prior to July 1,1988,” is in two parts. Part I, Docket review, requires the calling of lists of cases filed between January 1,1985 and July 1,1988, andfor the scheduling of trials for those cases that are not settled. The trial dates were to be no later than June 30, 1989. Part I does not state, nor require dismissals of cases that are not tried by June 30,1989.
Part 2 calls for the semi-annual use of Dist./Mun. Cts. R. Civ. P., Rule 41(b) (1) in order to dismiss or try cases entered prior to January 1,1985. Part 2 does not relate to cases entered after January 1,1985, but prior to July 1,1988, as was the instant case.
Similarly, the reference to Rule 41 (b) (1) does not require dismissal because the court is given discretion. The Rule provides:
The notice shall state that the action will be dismissed on a day certain unless before that day the case has been tried, heard on the merits or otherwise disposed of, or unless the court with or without notice shall otherwise order”... (emphasis supplied).
In this case, a dismissal would result in the disolution of a vested right. To avoid destroying such vested right, a court would be justified in exercising its right to “otherwise order” and not dismiss the action pursuant to Rule 41 (b) (1).
Therefore, since the court felt required pursuant to S.O. 1-88 to dismiss the action, it was error.
The order of dismissal is vacated and the case is returned to the trial courtfor such further action deemed proper in the trial court's discretion.